

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 99-18-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER CLARIFYING ORDER |
| vs. | ) | DENYING MOTION TO CORRECT |
| | ) | THE JUDGMENT AND DENYING |
| JOHN LANNY LYNCH, | ) | CERTIFICATE OF |
| | ) | APPEALABILITY |
| Defendant. | ) | |

On June 3, 2008, Lynch's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 was denied. A certificate of appealability was also denied. Order of June 3, 2008, at 33 ¶¶ 3-4. The Court of Appeals denied a certificate of appealability on August 19, 2009. *Lynch v. United States*, No. 08-35533 (9th Cir. Aug. 19, 2009).

More than three years later, on February 27, 2012, Lynch filed a motion to correct the Order of June 3, 2008. He asks that a reference to his "cold-bloodedly killing a man," Order of June 3, 2008 (doc. 223), at 15 n.2, be deleted. He also asked

1

that I recuse myself and let another judge decide his motion to correct. *See* Mot. to Correct (doc. 229) at 1-3. He stated that the basis for his motion was Fed. R. Crim. P. 36, and the motion was addressed on that basis. But the content of the motion was aimed at the order denying his § 2255 motion. The analogue to Fed. R. Crim. P. 36 is Fed. R. Civ. P. 60(a). On March 15, 2012, the motion was denied, but a certificate of appealability was not considered. It probably should have been.

If it had been, it would have been denied. Lynch's motions are frivolous. Both the record of the case and the Order of June 3 clearly state what federal charges were filed against Lynch, what he was and was not convicted of, what sentence was imposed, and why. Everything is correct. The motion to recuse was based on what I learned about Lynch's conduct from the trial testimony, *Liteky v. United States*, 510 U.S. 540, 555 (1994), and my finding that there was clear and convincing evidence that Lynch cold-bloodedly killed Brian Carreiro has already been reviewed, *United States v. Lynch*, 437 F.3d 902, 915-16 (9th Cir. 2006) (en banc) (per curiam). *See also State v. Lynch*, 969 P.2d 920, 921 ¶¶ 1-7, 925 ¶ 29 (Mont. 1998). Lynch did not show that he was deprived of a constitutional right, 28 U.S.C. § 2253(c)(2), and no reasonable jurist would encourage Lynch to proceed any further, *Mille r-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

2

Accordingly, IT IS HEREBY ORDERED that a certificate of appealability as to the Order of March 15, 2012, is DENIED.

DATED this 31st day of July, 2012.

Donald W. Molloy
United States District Court